JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

James Jamal Brown

## DEFENDANTS

City of Jersey City, et al.

**(b)** County of Residence of First Listed Plaintiff   Hudson
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Hudson
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kreizer Law, 788 Shrewsbury Ave, Suite 2221
Tinton Falls, NJ 07724 (732) 394-6512

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question
  *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **INTELLECTUAL** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | ☐ 835 Patent - Abbreviated | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | New Drug Application | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 880 Defend Trade Secrets | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | Act of 2016 | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 862 Black Lung (923) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | **FEDERAL TAX SUITS** | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| | Employment | **Other:** | **IMMIGRATION** | 26 USC 7609 | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | Actions | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983, 1985 and 1988

Brief description of cause:
Unlawful and unconstitutional stop and search.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 3 million

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   5/12/22

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 04/21)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**KREIZER LAW**
788 Shrewsbury Ave, Suite 2221
Tinton Falls, NJ 07724
(732) 394-6512
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

JAMES JAMAL BROWN,

          Plaintiff,

      v.

CITY OF JERSEY CITY, JERSEY CITY
POLICE DEPARTMENT, SERGEANT
MICHAEL RIVERA, POLICE OFFICER
SHADY AZMY, POLICE OFFICER
DANE COLEMAN, POLICE OFFICER
PATRICK EGAN, POLICE OFFICER
GARY GRIFFIN, JR., POLICE OFFICER
GARY HUAMAN, JR., CAPTAIN
GEORGE ROTONDO, ABC CORP. 1-20,
AS-YET-IDENTIFIED POLICE
OFFICERS 1-20 and JOHN DOE 1-20,
(said names being fictitious designations),

          Defendant(s)

**COMPLAINT and JURY DEMAND**

**CIVIL ACTION**

## COMPLAINT

**NOW COMES** Plaintiff, **JAMES JAMAL BROWN,** by and through his attorneys

**KREIZER LAW,** and for a cause of action against defendants, both jointly and severally,

respectfully states as follows:

## INTRODUCTION

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983, § 1985

and § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and

under the laws of the State of New Jersey, against the City of Jersey City, Jersey City Police Department, Sergeant Michael Rivera, Police Officer Shady Azmy, Police Officer Dane Coleman, Police Officer Patrick Egan, Police Officer Gary Griffin, Jr., Police Officer Gary Hauman, Jr., Captain George Rotondo, ABC Corp. 1-20, As-Yet-Identified Police Officers 1-20 and John Doe 1-20. This action is brought against the defendants herein in its/his/her/their personal and official capacities.

2.      The City of Jersey City, acting as a municipal corporation, has its principal business address at 280 Grove Street, Jersey City, New Jersey 07302.

3.      The Jersey City Department has its principal address at 1 Journal Square, Jersey City, New Jersey 07306.

4.      The individual police officer defendants as officers/employees of the City of Jersey City and/or Jersey City Police Department, acting under color of state law and pursuant to their authority, violated plaintiff's rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981, 1983, 1985, 1988; by the United States Constitution, including its Fourth, Fifth, Eight and Fourteenth Amendments and other federal law; and by the law and Constitution of the State of New Jersey.

## PARTIES

5.      Plaintiff, James Jamal Brown, was at all times relevant to this complaint, a resident citizen of Defendant City of Jersey City.

7.      The City of Jersey City is a municipal corporation and the public employer of all individual defendants, and is a "person" within the meaning of 42 U.S.C. § 1983.

8.      The Jersey City Police Department is an entity within the City of Jersey City, duly formed under the laws of the City of Jersey City and State of New Jersey.

9.      Defendants Sergeant Michael Rivera, Police Officer Shady Azmy, Police Officer Dane Coleman, Police Officer Patrick Egan, Police Officer Gary Griffin, Jr., Police Officer Gary Hauman, Jr., Captain George Rotondo and As-yet-identified Police Officers 1-20, were at all times relevant to this complaint, duly appointed and acting officers of the Jersey City Police Department, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the State of New Jersey and/or the City of Jersey city; and at all relevant times, defendants were acting in the course of and within the scope of their employment.

## JURISDICTION AND VENUE

10.      Each and all of the acts of defendants were performed under the color and pretense of the constitutions, statutes, ordinances, regulations, customs and usages of the United States of America, the State of New Jersey, the County of Hudson and the City of Jersey City, and under the authority of their office as law enforcement officers and/or representatives for the City of Jersey City.

11.      The incident(s) which give rise to this cause of action occurred within this jurisdiction and within two years of the filing of the Complaint.

12.      Venue is proper in this venue pursuant to 28 U.S.C. § 1391, as all the defendants are residents of this district and/or all the acts or omissions which give rise to this cause of action occurred within this district.

13.      Jurisdiction is proper pursuant to federal question jurisdiction, 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3)(4) and 42 U.S.C. § 1983. Plaintiffs further invoke the pendent and supplemental jurisdiction of the Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367.

14.     Plaintiffs aver that defendants do not have immunity for violating the civil rights of citizens.

## **FACTUAL ALLEGATIONS**

15.     On May 14, 2020, plaintiff James Jamal Brown, an African American male, was within the limits of defendant City of Jersey City.

16.     Plaintiff is a tenured executive at a large media company and had finished work that day at approximately 6:00 p.m.

17.     After work, plaintiff purchased dinner at Amelia's Bistro on Warren Street in Jersey City. He then drove to Hudson Street and parked by the waterfront to eat.

18.     Once plaintiff finished dinner, he exited his vehicle and went for a walk heading southbound along the boardwalk.

19.     When plaintiff finished his walk, he returned to his vehicle with the intention of driving home.

20.     At no time while he was eating or walking along the waterfront did plaintiff interact with any other individual; nor did he commit or appear to commit a crime.

20.     As plaintiff was driving home and was in the vicinity of Jersey Avenue and Montgomery Street, he was pulled over by multiple unmarked Jersey City Police vehicles operated and/or occupied by defendants Sergeant Michael Rivera, Police Officer Shady Azmy, Police Officer Dane Coleman, Police Officer Patrick Egan, Police Officer Gary Griffin, Jr., Police Officer Gary Hauman, Jr., As-yet-identified Police Officers 1-20 and/or John Doe 1-20, all of whom were in plain clothes.

21.     Defendants Sergeant Michael Rivera, Police Officer Shady Azmy, Police Officer Dane Coleman, Police Officer Patrick Egan, Police Officer Gary Griffin, Jr., Police Officer Gary

Hauman, Jr., As-yet-identified Police Officers 1-20 and/or John Doe 1-20 approached plaintiff's vehicle and removed him from same.

22.     Defendants Sergeant Michael Rivera, Police Officer Shady Azmy, Police Officer Dane Coleman, Police Officer Patrick Egan, Police Officer Gary Griffin, Jr., Police Officer Gary Hauman, Jr., As-yet-identified Police Officers 1-20 and/or John Doe 1-20 then instructed plaintiff to place his hands on his head and stand near the rear of the vehicle where they searched him and looked inside his vehicle.

23.     Defendants Sergeant Michael Rivera, Police Officer Shady Azmy, Police Officer Dane Coleman, Police Officer Patrick Egan, Police Officer Gary Griffin, Jr., Police Officer Gary Hauman, Jr., As-yet-identified Police Officers 1-20 and/or John Doe 1-20 did not initially advise plaintiff the reason for the stop. They subsequently advised him that he was stopped for suspected drug activity near the Hyatt Hotel. At no time on May 14, 2020 was plaintiff near the Hyatt Hotel, nor was his vehicle in view of the Hyatt Hotel.

24.     During the above described stop and search, plaintiff was not free to leave.

25.     Plaintiff ultimately was released and permitted to leave the scene.

26.     Upon information and belief, plaintiff was stopped and searched for no reason other than the fact that he is an African American male. Plaintiff had not committed a crime, did not appear to commit a crime and defendants Sergeant Michael Rivera, Police Officer Shady Azmy, Police Officer Dane Coleman, Police Officer Patrick Egan, Police Officer Gary Griffin, Jr., Police Officer Gary Hauman, Jr., As-yet-identified Police Officers 1-20 and/or John Doe 1-20 had absolutely no information which would lead a reasonable officer to believe that plaintiff was engaged in criminal activity. Plaintiff was the victim of unlawful, unconstitutional and improper racial profiling when for no reason other than his race, he was stopped, removed from his car searched and not permitted to leave. Any explanation by defendants that they stoppled plaintiff for

suspected drug activity is nothing more than pretext concocted to provide an excuse for the unlawful and constitutional stop.

27.     After the above described stop, plaintiff made an Internal Affairs Complaint against all of the involved officers.

28.     The Internal Affairs Complaint was investigated by defendants Captain George Rotondo, As-yet-identified Police Officers 1-20 and/or John Doe 1-20.

29.     Defendants Captain George Rotondo, As-yet-identified Police Officers 1-20 and/or John Doe 1-20 failed to conduct a proper investigation into said officers' conduct and instead deemed said Complaint to be unfounded, further violating plaintiff's constitutional rights.

30.     As a direct and proximate result of said acts of the Defendants, the Plaintiff has suffered the following injuries and damages:

     a.     Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from the unreasonable search and seizure of his person;

     b.     Violation of his rights under state law and the New Jersey State Constitution;

     c.     Loss of physical liberty;

     d.     Emotional trauma and suffering;

     e.     Pain and suffering reasonably likely to occur in the future;

     f.     Mental anguish;

     g.     Humiliation and embarrassment;

     h.     Loss of Sleep;

     i.     Medical Expenses;

     j.     Economic Loss.

## FIRST CLAIM FOR RELIEF:
## <u>DEPRIVATION OF FEDERAL CIVIL RIGHTS</u>

31.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

32.     All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

33.     All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed citizens of the United States by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

34.     The acts complained of were carried out by the Defendants in their capacities as police officers and/or representatives of defendant City of Jersey City, with the entire actual and/or apparent authority attendant thereto.

35.     The acts complained of were carried out by the Defendants in their capacities as police officers and/or representatives of Defendant City of Jersey City, pursuant to the customs, usages, practices, procedures, and rules of the City of Jersey City and/or Jersey City Police Department, all under the supervision of ranking officers and/or officials of said departments.

36.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

37.     By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually and jointly liable.

**WHEREFORE,** the Plaintiff requests this Court:

a.      Award compensatory damages to Plaintiff against the Defendants in the amount of $3 million, jointly and severally;

b.   Award punitive damages in such an amount as the jury may determine is sufficient to punish the Defendants for and deter others from committing the constitutional violations alleged herein.

c.   Award reasonable attorney's fees, costs and expenses to Plaintiff pursuant to 42 U.S.C. § 1988 and other federal and state laws; and

d.   Award such other and further relief as this court may deem just and proper.

## SECOND CLAIM FOR RELIEF:
## CONSPIRACY TO DEPRIVE OF FEDERAL CIVIL RIGHTS

38.   Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

39.   Defendants engaged in a joint venture, conspired together, and had an agreement, to act in concert to commit the unlawful acts described herein for purpose of inflicting a constitutional injury and/or wrong against Plaintiff and did in fact commit an overt act proximately causing plaintiffs to suffer damages.

40.   Specifically, defendants agreed to directly commit the constitutional injuries discussed herein sharing conspiratorial objectives to deprive Plaintiff of his constitutional rights.

41.   As a result of the defendants' conspiracy, Plaintiff has suffered damages as aforesaid.

**WHEREFORE,** the Plaintiff requests this Court:

a.   Award compensatory damages to Plaintiff s against the Defendants in the amount of $3 million, jointly and severally;

b.   Award punitive damages in such an amount as the jury may determine is sufficient to punish the Defendants for and deter others from committing the constitutional violations alleged herein.

    c.    Award reasonable attorney's fees, costs and expenses to Plaintiff pursuant to 42 U.S.C. § 1988 and other federal and state laws; and

    d.    Award such other and further relief as this court may deem just and proper.

**THIRD CLAIM FOR RELIEF:**
**<u>FALSE IMPRISONMENT</u>**

42.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

43.    As a result of his false imprisonment, Plaintiff was subjected to severe emotional distress, humiliation, ridicule, mental anguish and disgrace and was deprived of his liberty.

44.    All of the aforementioned acts of the Defendants constituted false imprisonment under the law of the State of New Jersey and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

**WHEREFORE,** Plaintiff requests this Court:

    a.    Award compensatory damages to Plaintiffs against the Defendants in the amount of $3 million, jointly and severally;

    b.    Award punitive damages in such an amount to as the jury may determine is sufficient to punish the Defendants for and deter others from committing the constitutional violations alleged herein;

    c.    Award reasonable attorney's fees, costs and expenses to Plaintiff pursuant to 42 U.S.C. § 1988 and other federal and state laws; and

    d.    Award such other and further relief as this court may deem just and proper.

**FOURTH CLAIM FOR RELIEF:**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

45.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

46.     Defendants engaged in extreme and outrageous conduct beyond all possible bounds of decency when they arrested, imprisoned and/or contributed to the arrest of Plaintiff.

47.     Defendants' extreme and outrageous conduct was intended to inflict severe distress upon Plaintiff when they arrested and imprisoned him.

48.     Defendants' outrageous conduct did inflict severe distress upon Plaintiff, which caused Plaintiff to suffer anxiety and mental anguish.

49.     All of the aforementioned acts of the Defendants constituted intentional infliction of emotional distress under the law of the State of New Jersey and the Defendants are liable for said damage.  Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

**WHEREFORE**, Plaintiff demands judgment against the Defendants named herein jointly and severally, on the fifth count of this complaint as follows:

a.     Award compensatory damages to Plaintiff against the Defendants in the amount of $3 million, jointly and severally;

b.     Awarding punitive damages in such an amount that the jury may determine is sufficient to punish the Defendants for and deter others from committing the torts violations alleged herein;

    c.     Awarding reimbursement of litigation expenses, including reasonable attorney's fees, expert fees and other costs of suit; and

    d.     Award such other and further relief as this court may deem just and proper.

## FIFTH CLAIM FOR RELIEF:
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

50. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

51. Defendants engaged in extreme and outrageous conduct beyond all possible bounds of decency when they arrested, imprisoned and/or contributed to the arrest of Plaintiff.

52. Defendants' extreme and outrageous conduct was a departure from that which reasonably prudent officers, employees and/or officials would have used under the same circumstances.

53. As a proximate cause of Defendants' outrageous conduct, Plaintiff was caused to suffer anxiety and mental anguish.

54. All of the aforementioned acts of the Defendants constituted negligent infliction of emotional distress under the law of the State of New Jersey and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

**WHEREFORE**, Plaintiff demands judgment against the Defendants named herein jointly and severally, on the fifth count of this complaint as follows:

    a.     Award compensatory damages to Plaintiff against the Defendants in the amount of $3 million, jointly and severally;

b.     Awarding punitive damages in such an amount that the jury may determine is sufficient to punish the Defendants for and deter others from committing the torts violations alleged herein;

c.     Awarding reimbursement of litigation expenses, including reasonable attorney's fees, expert fees and other costs of suit; and

d.     Award such other and further relief as this court may deem just and proper.

### SIXTH CLAIM FOR RELIEF:
### <u>MUNICIPAL LIABILITY</u>

55.   Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

56.   Defendants stopped and searched Plaintiff without reasonable suspicion or probable cause, notwithstanding their knowledge that said actions would jeopardize Plaintiff's liberty, well-being and constitutional rights.

57.   The acts complained of were carried out by the Defendants in their capacities as police officers and/or officials, with the entire actual and/or apparent authority attendant thereto.

58.   The acts complained of were carried out by the Defendants in their capacities as police officers and/or officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of Jersey City, and the Jersey City Police Department, all under the supervision of ranking officers and/or officials of said departments.

59.   The customs, policies, usages, practices, procedures, and rules of the City of Jersey City and the Jersey City Police Department included, but were not limited to, making unlawful and unconstitutional stops and searches of citizens based solely on race.

60.   The foregoing customs, policies, usages, practices, procedures, and rules of

the City of Jersey City and the Jersey City Police Department constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff.

61. The foregoing customs, policies, usages, practices, procedures, and rules of the City of Jersey City and the Jersey City Police Department were the proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

62. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

63. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

64. Defendant City of Jersey City, as municipal policymaker in the training and supervision of defendants police officers and/or officials, has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their freedom from the excessive use of force and unreasonable force and freedom from deprivation of Liberty without Due process of law in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New Jersey.

65. All of the foregoing acts by Defendants deprived Plaintiff's of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution;

    c. To be protected against violations of his civil and constitutional rights;

    d. Not to have cruel and unusual punishment imposed upon him; and

e.    To receive equal protection under the law.

**WHEREFORE**, Plaintiff demands judgment against the Defendants named herein jointly and severally, on the sixth count of this complaint as follows:

a.    Award compensatory damages to Plaintiff against the Defendants in the amount of $3 million, jointly and severally;

b.    Awarding punitive damages in such an amount that the jury may determine is sufficient to punish the Defendants for and deter others from committing the torts violations alleged herein;

c.    Awarding reimbursement of litigation expenses, including reasonable attorney's fees, expert fees and other costs of suit; and

d.    Award such other and further relief as this court may deem just and proper.

## SEVENTH CLAIM FOR RELIEF
## DEPRIVATION OF CIVIL RIGHTS UNDER N.J.S.A. 10:6-2

66.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

67.    The above acts constitute violations of both federal and state constitutional rights and rights secured by the law of the State of New Jersey and N.J.S.A. 10:6-2.

68.    All Defendants, at the time of the subject incident, were acting under the color of law.

**WHEREFORE**, Plaintiff demands judgment against the Defendants named herein jointly and severally, on the seventh count of this complaint as follows:

a.    Award compensatory damages to Plaintiff against the Defendants in the amount of $3 million, jointly and severally;

{203482/00198198.1}                    14

b.      Awarding punitive damages in such an amount that the jury may determine is sufficient to punish the Defendants for and deter others from committing the torts violations alleged herein;

c.      Awarding reimbursement of litigation expenses, including reasonable attorney's fees, expert fees and other costs of suit; and

d.      Award such other and further relief as this court may deem just and proper.

### EIGHTH CLAIM FOR RELIEF: NEGLIGENCE

69.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

70.    Defendants failed to use that degree of care that reasonably prudent officers, employees and/or officials would have used under the same circumstances when they failed to do acts that reasonably prudent officers, employees and/or officials would have done under the same circumstances.

71.    Defendants breached their duty of ordinary care to Plaintiff by failing to exercise ordinary care to follow proper procedures.

72.    As a direct and proximate result of the carelessness, recklessness and/or negligence of the defendants, plaintiff sustained serious injuries.

73.    All of the aforementioned acts of the defendants constituted negligence under the law of the State of New Jersey and the defendants are liable for said damage.  Pursuant to 28 U.S.C. ' 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

**WHEREFORE**, Plaintiff demands judgment against the defendants named herein jointly and severally, on the eighth count of this complaint as follows:

a.    Award compensatory damages to Plaintiffs against the Defendants in the amount of $3 million, jointly and severally;

b.    Awarding punitive damages in such an amount that the jury may determine is sufficient to punish the Defendants for and deter others from committing the torts violations alleged herein;

c.    Awarding reimbursement of litigation expenses, including reasonable attorney's fees, expert fees and other costs of suit; and

d.    Award such other and further relief as this court may deem just and proper.

### NINTH CLAIM FOR RELIEF:
### FAILURE TO INVESTIGATE

74.    Plaintiff repeats and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

75.    All of the acts of Defendants, their agents, servants, and employees constituted a complete failure to investigate the above described incident which would have revealed a violation of plaintiff's rights.

76.    In the absence of any exigent circumstances, the Defendants complete failure to investigate fell far short of a thorough investigation.

77.    As a result of the foregoing, Plaintiff was deprived of their liberty, endured great humiliation, anguish, costs and expenses and was otherwise damaged and injured.

**WHEREFORE**, Plaintiff demands judgment against the Defendants named herein jointly and severally, on the eighth count of this complaint as follows:

a.    Award compensatory damages to Plaintiff against the Defendants in the amount of $3 million, jointly and severally;

    b.      Awarding punitive damages in such an amount that the jury may determine is sufficient to punish the Defendants for and deter others from committing the torts violations alleged herein;

    c.      Awarding reimbursement of litigation expenses, including reasonable attorney's fees, expert fees and other costs of suit; and

    d.      Award such other and further relief as this court may deem just and proper.

## TENTH CLAIM FOR RELIEF:
## <u>GROSS NEGLIGENCE OR WILLFUL MISCONDUCT</u>

78.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

79.    Defendants were grossly negligent when they failed to use even slight care and acted with conduct that was so careless as to show complete disregard for the rights and safety of others when they conducted an unlawful and unconstitutional stop and search of plaintiff based solely on his race.

80.    Defendants acted with willful misconduct when they acted intentionally and/or failed to act knowing that their actions would probably result in injury or damage.

81.    Defendants with willful misconduct when they acted in so reckless a manner and/or failed to act in circumstances where an act was clearly required, so as to indicate disregard of the consequences of their actions and inactions.

82.    All of the aforementioned acts of the Defendants constituted gross negligence or willful misconduct under the law of the State of New Jersey and the Defendants are liable for said damage.  Pursuant to 28 U.S.C. ' 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

**WHEREFORE**, Plaintiff demands judgment against the defendants named herein jointly and severally, on the eighth count of this complaint as follows:

a.  Award compensatory damages to Plaintiff against the Defendants in the amount of $3 million, jointly and severally;

b.  Awarding punitive damages in such an amount that the jury may determine is sufficient to punish the Defendants for and deter others from committing the torts violations alleged herein;

c.  Awarding reimbursement of litigation expenses, including reasonable attorney's fees, expert fees and other costs of suit; and

d.  Award such other and further relief as this court may deem just and proper.

KREIZER LAW
Attorneys for Plaintiff

By: _____
**DAVID P. KREIZER**

Dated: 5/12/22

## JURY DEMAND

Plaintiff hereby demands a trial by jury as on all issues herein presented.

KREIZER LAW
Attorneys for Plaintiff

By: _____
**DAVID P. KREIZER**

Dated: 5/12/22

## DESIGNATION OF TRIAL COUNSEL

Attorney David P. Kreizer, Esq., of the Law Offices of Kreizer Law is hereby designated as trial counsel.

KREIZER LAW
Attorneys for Plaintiff

Dated: 5/12/22

By _____
DAVID P. KREIZER

## CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other action pending in any court or arbitration proceeding, nor is any other action or arbitration proceeding contemplated.

I further certify that there is/are no other parties who should be joined in the within action.

KREIZER LAW
Attorneys for Plaintiff

Dated: 5/12/22

By _____
DAVID P. KREIZER