**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES JAMAL BROWN, *Plaintiff*, v. CITY OF JERSEY CITY, et al., *Defendants*. | Civil Action No. 22-2792 **OPINION** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff alleges that he was a victim of unlawful and unconstitutional racial profiling by multiple Jersey City police officers. Presently before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] D.E. 15. Plaintiff filed a brief in opposition to the motion, D.E. 20, to which Defendants replied, D.E. 21.[2] The Court reviewed the parties' submissions and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendants' motion is **GRANTED**.

---

[1] The named Defendants in this matter are the City of Jersey City ("Jersey City"), the Jersey City Police Department, Michael Rivera, Shady Azmy, Dane Coleman, Patrick Egan, Gary Griffin, Jr., Gary Huaman, Jr., and George Rotondo. Compl. ¶¶ 7-9.

[2] Defendants' brief in support of their motion (D.E. 15-1) is referred to as "Defs. Br."; Plaintiff's opposition brief (D.E. 20) as "Plf. Opp."; and Defendants' reply (D.E. 21) as "Defs. Reply."

I.     FACTUAL[3] AND PROCEDURAL BACKGROUND

As Plaintiff was driving home from eating a carryout dinner and walking along the Jersey City waterfront on May 14, 2020, he was pulled over by multiple unmarked Jersey City police vehicles. Compl. ¶¶ 15-20. Plaintiff alleges that during his dinner and walk he did not interact with anyone, nor was he engaged in any criminal activity. *Id.* ¶ 20. When Plaintiff was pulled over, Defendants Rivera, Azmy, Coleman, Egan, Griffin, and Hauman approached and removed Plaintiff from his car. These Defendants then instructed Plaintiff to stand near the rear of the vehicle with his hands on his head, while they searched Plaintiff and looked into his vehicle. *Id.* ¶¶ 21-22. Plaintiff alleges that these Defendants did not initially advise Plaintiff of the reason for the stop, but then told him that he was stopped for suspected drug activity near the Hyatt Hotel. *Id.* ¶ 23. Plaintiff was ultimately released and allowed to leave. *Id.* ¶ 25. Plaintiff alleges that Defendants stopped him solely because he is an African American man and Defendants had no information that would lead a reasonable officer to believe he was engaged in criminal activity. *Id.* ¶ 26.

Plaintiff made an Internal Affairs ("IA") complaint against the Defendant officers involved in the traffic stop. *Id.* ¶ 27. Defendant Rotondo investigated Plaintiff's IA complaint and deemed the complaint to be unfounded. *Id.* ¶¶ 28-29. Plaintiff alleges that Rotondo failed to conduct a proper investigation. *Id.* ¶ 29.

Plaintiff's Complaint alleges that Defendants violated his constitutional rights during the traffic stop. *Id.* ¶¶ 31-41, 55-65. Plaintiff also asserts a claim under the New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. Ann. § 10:6-2, *id.* ¶¶ 66-68, and brings multiple tort claims, *id.* ¶¶ 42-

---

[3] The factual background is taken from Plaintiff's Complaint. D.E. 1. When reviewing a motion to dismiss under Rule 12(b)(6), a court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

2

54, 69-82. Defendants filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 15

### II. LEGAL STANDARD

Rule 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true" and give a plaintiff the benefit of all reasonable inferences therefrom. *Fowler*, 578 F.3d at 210.

### III. ANALYSIS

#### A. Federal Law Claims (Counts One, Two and Six)

In Counts One, Two and Six, Plaintiff asserts claims pursuant to 42 U.S.C. § 1983. In Count One, Plaintiff alleges that Defendants violated his Fourth, Fifth, Eighth and Fourteenth

Amendment rights, Compl. ¶¶ 31-37[4]; in Count Two, Plaintiff alleges that Defendants engaged in a conspiracy to deprive him of his federal rights, *id.* ¶ 38-41; and in Count Six, Plaintiff asserts a *Monell* claim against Jersey City and the Jersey City Police Department, *id.* ¶¶ 55-65.

Section 1983, in relevant part, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. Section 1983 does not provide substantive rights; rather, Section 1983 provides a vehicle for vindicating violations of other federal rights. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a Section 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015).

### 1. Claims Against the Jersey City Police Department

Defendants maintain that Plaintiff's claim must be dismissed as to the Jersey City Police Department because a department cannot be subject to Section 1983 claims. Defs. Br. at 7-8. Plaintiff concedes that that the Police Department is an administrative arm of Jersey City that cannot be sued as a separate party under Section 1983. Plf. Opp. at 5. The parties are correct. *See Mikhaeil v. Santos*, 646 F. App'x 158, 163 (3d Cir. 2016) (*per curium*) (explaining that "a city police department is a government sub-unit that is not distinct from the municipality of which it is

---

[4] Plaintiff concedes that there is not a Fifth or Eighth Amendment violation. Plf. Opp. at 11. As a result, the Court only addresses Plaintiff's Fourth and Fourteenth Amendment allegations.

a part"). Accordingly, the Section 1983 claims are dismissed as to the Jersey City Police Department.

### 2. Claims Against Jersey City

First, Defendants argue that the *Monell* claim must be dismissed because Plaintiff fails to plead facts demonstrating the existence of any policy, practice or custom that caused a violation of Plaintiff's constitutional rights. Defs. Br. at 11-14. A municipality may be liable under Section 1983 only "if the plaintiff identifies a municipal 'policy' or 'custom' that was the 'moving force' behind the injury." *Jewell v. Ridley Township*, 497 F. App'x 182, 185 (3d Cir. 2012) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 694 (1978)); *see also Meleika v. Bayonne Police Dep't*, No. 21-19793, 2022 WL 522810, at *4 (D.N.J. Feb. 22, 2022) (explaining that for the City to be liable under Section 1983, the law "would require facts suggesting an unconstitutional municipal policy, practice, or custom").

For purposes of *Monell* liability, a policy exists "when a decisionmaker possessing final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)) (internal punctuation omitted). A custom may be established "by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* (quoting *Brown v. Muhlenberg Township*, 269 F.3d 205, 215 (3d Cir. 2001)). A *Monell* claim may also be premised on a municipality's failure to train, supervise, and discipline. To plead such a failure-to claim, a plaintiff must demonstrate that a city's failure "reflects a deliberate or conscious choice." *Id.* at 800 (quoting *Brown*, 269 F.3d at 215). For claims involving police officers, the alleged failure can only serve as a basis for Section 1983 liability where it

5

"amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Id.* (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)); *see also Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019) (explaining that a *Monell* claim "predicated on a failure or inadequacy has the separate, but equally demanding requirement of demonstrating a failure or inadequacy amounting to deliberate indifference on the part of the municipality"). Deliberate indifference is plausibly pled by showing that "(1) municipal policy makers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Roman*, 914 F.3d at 798 (quoting *Doe v. Luzerne County*, 660 F.3d 169, 180 (3d Cir. 2011) (internal brackets omitted)).

Plaintiff's *Monell* claim appears to be partially premised on Jersey City's alleged failures or inadequacies in training and supervising. Plaintiff pleads that in training and supervising its police officers, Jersey City pursued a policy of deliberate indifference to the rights of individuals. Compl. ¶ 64. But to the extent Plaintiff pleads a failure-to-train *Monell* claim, it is conclusory. The Complaint contains no specific factual allegations to support such a claim. Conclusory recitations of the elements of a *Monell* claim are insufficient.

Plaintiff also alleges that Jersey City had a "custom, polic[y], usage, practice[], procedure[], and rule[] . . . [of] making unlawful and constitutional stops and searches of citizens based solely on race." *Id.* ¶ 60. Plaintiff, however, fails to plead facts demonstrating that there was an official proclamation regarding any policy to racially profile individuals. Thus, Plaintiff fails to plead a *Monell* claim based on a policy. And his allegations as to a custom are conclusory. In sum, Plaintiff does not sufficiently allege any policy, practice or custom to support a *Monell* claim against Jersey City. *See, e.g.*, *Benjamin v. E. Orange Police Dep't*, 937 F. Supp. 2d 582,

595 (D.N.J. 2013) (dismissing the claim against the city because the plaintiff failed to plead adequate facts demonstrating the existence of a policy or custom). Count Six is dismissed.

Defendants also seek to dismiss Plaintiff's claim for punitive damages as to Jersey City. Defs. Br. at 24. Plaintiff concedes that he cannot recover punitive damages from Jersey City but maintains his claim for punitive damages as to the Individual Defendants. Plf. Opp. at 17. A plaintiff cannot recover punitive damages from a public entity for Section 1983 violations. *Damiani v. West Deptford Township*, No. 07-2884, 2008 WL 656041, at *4 (D.N.J. Mar. 7, 2008). Further, the New Jersey Tort Claims Act bars plaintiffs from recovering punitive damages from a public entity. *See* N.J. Stat. Ann. § 59:9-2(c). Thus, Defendants' motion is granted as to Plaintiff's prayer for relief for punitive damages as to Jersey City.

### 3. Claims Against the Individual Officer Defendants

#### a. False Imprisonment

Next, Defendants seek to dismiss Plaintiff's Fourth Amendment false imprisonment claim. Amongst other things, Defendants maintain that Plaintiff fails to sufficiently plead that he was arrested or imprisoned. Defs. Br. at 21-22. Plaintiff counters that "a true arrest is not necessary to establish the detention element" for a false imprisonment claim. Plf. Opp. at 14. Plaintiff correctly argues that his false imprisonment claim does not fail simply because he was not arrested. But Plaintiff's false imprisonment claim is conclusory.[5]

---

[5] The Court notes that "[a] traffic stop is a 'seizure' within the meaning of the Fourth Amendment, 'even though the purpose of the stop is limited and the resulting detention quite brief.'" *Coles v. Carlini*, 162 F. Supp. 3d 380, 391 (D.N.J. 2015) (quoting *Delaware v. Prouse*, 440 U.S. 648, 653 (1979)). In the Complaint, Plaintiff alleges that a Fourth Amendment violation occurred but does not explicitly explain his alleged Fourth Amendment violation. In his opposition brief, Plaintiff focuses on his argument about a "true arrest" and probable cause. Plf. Opp. at 14. If Plaintiff intended to plead a Fourth Amendment claim based on the unlawfulness of the initial stop itself, it is not clear to the Court.

7

To state a Section 1983 false imprisonment or unreasonable seizure claim, a plaintiff must establish that (1) there was an arrest or seizure; and (2) the arrest or seizure was made without probable cause. *See James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012); *Berg v. County of Allegheny*, 219 F.3d 261, 269 (3d Cir. 2000). A traditional arrest constitutes a seizure under the Fourth Amendment. *Black v. Montgomery County*, 835 F.3d 358, 364-65 (3d Cir. 2016). "But the scope of what may be considered a seizure is broader." *Id.* at 365. A seizure occurs "'when the officer, by means of physical force *or show of authority*, has in some way restrained the liberty of a citizen.'" *California v. Hodari D.*, 499 U.S. 621, 625 (1991) (quoting *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968)) (emphasis in original). The restraint must be "'willful' and not merely the consequence of 'an unknowing act.'" *Brendlin v. California*, 551 U.S. 249, 254 (2007) (quoting *Brower v. County of Inyo*, 489 U.S. 593, 596 (1989)).

When a restraint occurs through a show of authority rather than physical force, courts apply an objective test to determine whether a seizure occurred. Specifically, a court considers "'whether the officer's words and actions would have conveyed . . . to a reasonable person' that he was not free to leave." *United States v. Lowe*, 791 F.3d 424, 430 (3d Cir. 2015) (quoting *Hodari D.*, 499 U.S. at 628). "While an officer merely asking a citizen questions may not be a seizure," the presence of additional factors may turn the questioning into a seizure. *Black*, 835 F.3d at 365. For example, certain "demonstration[s] of authority" such as "'the threatening presence of several officers, the display of a weapon by an officer, some physical touching . . . , or the use of language or tone of voice indicating that compliance with the officer's request might be compelled.'" *Vargas v. City of Philadelphia*, 783 F.3d 962, 969 (3d Cir. 2015) (quoting *United States v. Crandell*, 554 F.3d 79, 85 (3d Cir. 2009)). Finally, there must be "submission to the assertion of authority." *Id.* at 626. Submission may "take[] the form of passive acquiescence." *Brendlin*, 551

U.S. at 255.

In this instance, Plaintiff simply pleads in conclusory fashion that during the stop and search he was not free to leave. Compl. ¶¶ 24-25. Accordingly, Plaintiff's Fourth Amendment Section 1983 claim is dismissed as conclusory.

### b. Equal Protection Violation

Defendants maintain that Plaintiff's equal protection claim is also conclusory. Defs. Br. at 20. The Fourteenth Amendment's Equal Protection Clause provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV § 1. Traditionally, to prevail on an equal protection claim, a plaintiff must allege that he was treated differently than others who were similarly situated, and that this difference in treatment was the result of intentional discrimination based on his membership in a protected class such as religious affiliation or race. *See Bradley v. United States*, 299 F.3d 197, 206 (3d Cir. 2002). Here, Plaintiff alleges that upon information and belief, he "was stopped and searched for no reason other than the fact that he is an African American male." Compl. ¶ 26. Outside of this conclusory allegation, Plaintiff pleads no factual assertions demonstrating that any Defendant conducted the traffic stop solely because of Plaintiff's race.[6] Consequently, Plaintiff fails to plead a Section 1983 claim based on a Fourteenth Amendment violation.

---

[6] While not raised by Defendants, the Court notes that a plaintiff may plead facts upon information and belief "where it can be shown that the requisite factual information is peculiarly within the defendant's knowledge or control – so long as there are no boilerplate and conclusory allegations and plaintiffs accompany their legal theory with factual allegations that make their theoretically viable claim plausible." *McDermott v. Clondalkin Grp., Inc.*, 649 F. App'x 263, 267-68 (3d Cir. 2016) (quoting *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002) (internal punctuation omitted)). Facts pled on information and belief must "set forth the 'specific facts upon which the belief is reasonably based.'" *ICU Med., Inc. v. RyMed Techs., Inc.*, 752 F. Supp. 2d 486, 488 (D. Del. 2010) (citing *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328 (Fed. Cir. 2009). As discussed, Plaintiff fails to set forth any facts demonstrating his basis for belief.

In his opposition brief, Plaintiff argues that his Complaint also supports a class-of-one equal protection claim. Plf. Opp. at 13. To state a class-of-one equal protection claim, "a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Newark Cab Ass'n v. City of Newark*, 901 F.3d 146, 156 (3d Cir. 2018) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006)). But again, Plaintiff's equal protection allegations are wholly conclusory. Plaintiff fails to sufficiently plead an equal protection claim whether he argues it is a class-of-one claim or traditional equal protection violation.

### c. Conspiracy

Finally, Defendants seek to dismiss Plaintiff's conspiracy claim, arguing that Plaintiff fails to plead any of the necessary elements. Defs. Br. at 8-11. To plead a civil conspiracy under Section 1983, a plaintiff must show "that two or more co-conspirators reached an agreement for the purpose of depriving constitutional rights under color of state law." *Stolinski v. Pennypacker*, 772 F. Supp. 2d 626, 646 (D.N.J. 2011). In this instance, Plaintiff's conspiracy claim fails because he does not sufficiently allege any underlying constitutional violation. *See id.* (granting summary judgment for civil conspiracy claim under Section 1983 in part because there was no underlying deprivation of constitutional rights). Count Two is also dismissed.

### B. State Law Claims (Counts Three through Five and Seven through Ten)

A federal court may have subject-matter jurisdiction through either federal question or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332; *see also Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. 2011). Here, Plaintiff maintain that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Compl. ¶ 13. Federal question jurisdiction arises through Plaintiff's Section 1983 claims. *See Maglioli v. Alliance HC Holdings LLC*, 16 F.4th 393,

406 (3d Cir. 2021) ("Under the well-pleaded-complaint rule, federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") (internal citation omitted). This Court, therefore, has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). *See* 28 U.S.C. § 1367(a) (explaining that a court has supplemental jurisdiction over "other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy"). Section 1367(c), however, provides that a "district court[] may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Retaining supplemental jurisdiction-based claims is a matter of discretion. *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995). "[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Id*. (emphasis added). Moreover, district courts generally decline to exercise supplemental jurisdiction after dismissing all original jurisdiction claims early in the proceedings. *See, e.g.*, *Payne v. CareOne, LLC*, No. 17-2660, 2017 WL 4618752, at *2-3 (D.N.J. Oct. 13, 2017) (declining to exercise supplemental jurisdiction over state claims because federal claims were dismissed before an initial scheduling conference).

Here, the Court is dismissing Plaintiff's federal claims, which provide the Court with subject-matter jurisdiction, at the earliest possible stage of the proceeding. As a result, the Court declines to exercise supplemental jurisdiction over Counts Three through Five and Seven through Ten. The Court, therefore, will not consider Defendants' arguments to dismiss these counts.

### IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss, D.E. 15, is **GRANTED**. Plaintiff's federal question claims against the Jersey City Police Department and claim for punitive damages against the City of Jersey City are **DISMISSED with prejudice**. Counts One, Two and Six are otherwise **DISMISSED** without prejudice. Plaintiff is provided with thirty (30) days to file an amended complaint that cures the deficiencies noted herein with respect to the dismissed claims. Alternately, if Plaintiff chooses not to replead his federal question claims, Plaintiff should notify the Court, as this Court lacks subject-matter jurisdiction over the remaining state law claims. If Plaintiff does not file an amended pleading, the claims dismissed herein will be dismissed with prejudice and his state law claims will be dismissed for lack of jurisdiction. An appropriate Order accompanies this Opinion.

Dated:     November 21, 2022

_____
John Michael Vazquez, U.S.D.J.
