**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES JAMAL BROWN, <br><br> *Plaintiff*, <br><br> v. <br><br> CITY OF JERSEY CITY, et al., <br><br> *Defendants*. | Civil Action No. 22-2792 <br><br> **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff alleges that he was a victim of unconstitutional racial profiling by multiple Jersey City police officers. Presently before the Court is Defendants' motion to dismiss the Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 43. Plaintiff filed a brief in opposition to the motion, D.E. 46, to which Defendants replied, D.E. 49.[1] The Court reviewed the parties' submissions and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendants' motion is **GRANTED in part** and **DENIED in part**.

I.   FACTUAL AND PROCEDURAL BACKGROUND

For purposes of the instant motion, the Court does not retrace this case's full factual and procedural history. This Court's November 21, 2022 Opinion granting Defendants' motion to dismiss the initial complaint includes a detailed recounting of the factual background of this matter.

---

[1] The Court refers to Defendants' brief in support of their motion (D.E. 43-1) as "Defs. Br."; Plaintiff's opposition (D.E. 46) as "Plf. Opp."; and Defendants' reply (D.E. 49) as "Defs. Reply."

D.E. 30 (the "MTD Opinion"). To the extent relevant to the instant motion, the Court incorporates the factual and procedural history from the MTD Opinion.

Briefly, Plaintiff pleads that as he was driving home on May 14, 2020, he was pulled over by multiple Jersey City police officers.² SAC ¶¶ 12, 18. Defendants Michael Rivera; Shady Azmy; Dane Coleman; Patrick Egan; Gary Griffin, Jr.; and Gary Huaman, Jr. (the "Officer Defendants") approached Plaintiff's vehicle and then removed Plaintiff from the car. The Officer Defendants instructed Plaintiff to stand near the rear of the vehicle with his hands on his head while they searched Plaintiff's vehicle without consent. *Id.* ¶¶ 18-19. Plaintiff alleges that during this time, he believed that he was required to comply with the Officer Defendants' requests and was not free to leave. *Id.* ¶ 20. Immediately before Plaintiff's purported release, the Officer Defendants told Plaintiff they stopped him for suspected drug activity near the Hyatt Hotel. *Id.* ¶ 22. Plaintiff indicates that he was not near the Hyatt Hotel on May 14. *Id.* Thus, Plaintiff contends that the Officer Defendants had no information that would lead a reasonable officer to believe Plaintiff was engaged in criminal activity before the stop. Plaintiff alleges that prior to the stop, the Officer Defendants agreed to stop him solely because he is an African American man. *Id.* ¶¶ 23-24.

After the stop, Plaintiff made an Internal Affairs ("IA") complaint against the Officer Defendants. *Id.* ¶ 25. Defendant George Rotondo investigated the IA complaint and deemed it to be unfounded. *Id.* ¶¶ 26-27. Plaintiff alleges that Rotondo failed to conduct a proper investigation. *Id.* ¶ 27.

Plaintiff filed his initial Complaint in this matter in 2022. Plaintiff asserted Section 1983, New Jersey Civil Rights Act ("NJCRA"), and tort claims pertaining to the traffic stop and IA

---

² The Court takes the factual background from Plaintiff's SAC. D.E. 41. When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

investigation. D.E. 1. Defendants subsequently filed a motion to dismiss pursuant to Rule 12(b)(6). D.E. 15. This Court granted Defendants' motion with respect to the Section 1983 claims and declined to exercise supplemental jurisdiction, pursuant to 28 US.C. § 1367(c)(3), over the remainder of Plaintiff's complaint. The Court, however, granted Plaintiff leave to file an amended pleading that remedied the noted deficiencies with Plaintiff's federal law claims. D.E. 27, 30. Plaintiff filed the SAC on April 26, 2023, which includes new factual allegations. D.E. 41. Defendants then filed the instant motion to dismiss pursuant to Rule 12(b)(6). D.E. 43.

## II. LEGAL STANDARD

Rule 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true" and give a plaintiff the benefit of all reasonable inferences therefrom. *Fowler*, 578 F.3d at 210.

### III. ANALYSIS

#### A. Constitutional Violation Claims (Counts One, Two, Five, Six and Eight)

Plaintiff asserts numerous claims under Section 1983 as well as a claim pursuant to the NJCRA. Section 1983, in relevant part, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. Section 1983 does not provide substantive rights; rather, Section 1983 provides a vehicle for vindicating violations of other federal rights. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a Section 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015).

Plaintiff also asserts a NJCRA claim in Count Six. The NJCRA provides a private cause of action to

> [a]ny person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief.

N.J. Stat. Ann. § 10:6-2. The "NJCRA was modeled after § 1983, [and so] courts in New Jersey have consistently looked at claims under the NJCRA through the lens of § 1983 and have

4

repeatedly construed the NJCRA in terms nearly identical to its federal counterpart." *Velez v. Fuentes*, No. 15-6939, 2016 WL 4107689, at *5 (D.N.J. July 29, 2016) (internal quotations and citation omitted). The Court, therefore, considers Plaintiff's Section 1983 and NJCRA claims together. In addition, the parties do not appear to dispute that Defendants are state actors, so the Court focuses on the constitutional violation requirement.

Defendants first seek to dismiss Plaintiff's Counts Five and Six, which are against the City. Specifically, Defendants argue that Plaintiff's municipal liability, or *Monell* claim, is conclusory. Defs. Br. at 7-12. A municipality may be liable under Section 1983 "if the plaintiff identifies a municipal 'policy' or 'custom' that was the 'moving force' behind the injury." *Jewell v. Ridley Township*, 497 F. App'x 182, 185 (3d Cir. 2012) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 694 (1978)); *see also Meleika v. Bayonne Police Dep't*, No. 21-19793, 2022 WL 522810, at *4 (D.N.J. Feb. 22, 2022) (explaining that for the city to be liable under Section 1983, the law "would require facts suggesting an unconstitutional municipal policy, practice, or custom"). A policy exists "when a decisionmaker possessing final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)) (internal punctuation omitted). A custom may be established "by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id*. (quoting *Brown v. Muhlenberg Township*, 269 F.3d 205, 215 (3d Cir. 2001)).

A *Monell* claim may also be premised on a municipality's failure to train, supervise, and discipline. To plead a failure-to-train claim, a plaintiff must demonstrate that a city's failure "reflects a deliberate or conscious choice." *Id.* at 800 (quoting *Brown*, 269 F.3d at 215). For

5

claims involving police officers, the alleged failure can only serve as a basis for Section 1983 liability where it "amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Id.* (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)); *see also Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019) (explaining that a *Monell* claim "predicated on a failure or inadequacy has the separate, but equally demanding requirement of demonstrating a failure or inadequacy amounting to deliberate indifference on the part of the municipality"). Deliberate indifference is plausibly pled by showing that "'(1) municipal policy makers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights.'" *Roman*, 914 F.3d at 798 (quoting *Doe v. Luzerne County*, 660 F.3d 169, 180 (3d Cir. 2011) (internal brackets omitted)).

      Plaintiff asserts a failure-to-train municipal liability claim. Plaintiff pleads that Jersey City police officers, including the Officer Defendants, "regularly engaged in racial profiling." SAC ¶ 28. Plaintiff further pleads that the City was aware of this practice but did nothing to stop it and failed to discipline officers engaging in the practice. *Id.* Plaintiff's allegations, however, are entirely conclusory. Plaintiff attempts to excuse this shortcoming by alleging that Jersey City is frequently unwilling to share policing data with the public because of its knowledge of the problem. SAC ¶ 28. Even if true, the Court would expect additional factual allegations to support the allegations of profiling and lack of concomitant training. Moreover, as to the data itself, Plaintiff does not provide a time frame or explain how many times he attempted to obtain data but was refused. Without these specific allegations, Plaintiff's failure-to municipal liability claim fails.

Plaintiff also attempts to plead a *Monell* claim based on an alleged custom of racial profiling within the police department. SAC ¶ 54. Plaintiff's custom-based *Monell* claim fails for the same reason. In short, Plaintiff does not provide specific allegations to substantiate his allegation that Jersey City police officers regularly engaged in a practice of racial profiling. Count Five and Six, to the extent it is premised on a *Monell* claim, are dismissed.

In Count One, Plaintiff alleges that the Officer Defendants conducted an unlawful search[3] and seizure of Plaintiff and his vehicle, in violation of the Fourth Amendment. SAC ¶ 33. In the MTD Opinion, the Court determined that the basis of Plaintiff's Fourth Amendment claim was not clear and that his allegations were conclusory. MTD Opinion at 7-9. While still not a model of clarity, Plaintiff appears to plead a Fourth Amendment false imprisonment claim in the SAC.[4] Defendants maintain that Plaintiff's Fourth Amendment claim is still conclusory. Defs. Br. at 16; Defs. Reply at 10.

To state a Section 1983 false imprisonment claim, a plaintiff must plead facts demonstrating that (1) "the police lacked probable cause to make an arrest" and (2) "the plaintiff was detained pursuant to that arrest." *Lozano v. New Jersey*, 9 F. 4th 239, 246 (3d Cir. 2021) (quoting *Harvard v. Cesnalis*, 973 F.3d 190, 202 (3d Cir. 2020)) (internal brackets omitted). Plaintiff asserts that the Officer Defendants told Plaintiff he was stopped "for suspected drug activity near that Hyatt Hotel." SAC ¶ 22. Plaintiff asserts that he was not in the vicinity of the hotel. *Id.* Consequently, Plaintiff plausibly pleads that the Officer Defendants lacked probable cause to detain Plaintiff.

---

[3] The parties do not address whether Plaintiff plausibly pleads a Fourth Amendment claim based on an improper search. Accordingly, the Court does not address this issue.

[4] Plaintiff also asserts a state law claim for the tort of false imprisonment in Count Three. SAC ¶¶ 43-44. Defendants do not seek to dismiss this count.

Turning to the seizure element, in addition to a traditional arrest, a seizure may also occur "'when the officer, by means of physical force *or show of authority*, has in some way restrained the liberty of a citizen.'" *California v. Hodari D.*, 499 U.S. 621, 625 (1991) (quoting *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968)) (emphasis in original). The restraint must be "'willful' and not merely the consequence of 'an unknowing act.'" *Brendlin v. California*, 551 U.S. 249, 254 (2007) (quoting *Brower v. County of Inyo*, 489 U.S. 593, 596 (1989)). When a restraint occurs through a show of authority rather than physical force, courts apply an objective test to determine whether a seizure occurred. Specifically, a court considers "'whether the officer's words and actions would have conveyed . . . to a reasonable person' that he was not free to leave." *United States v. Lowe*, 791 F.3d 424, 430 (3d Cir. 2015) (quoting *Hodari D.*, 499 U.S. at 628). "While an officer merely asking a citizen questions may not be a seizure," additional factors may turn the questioning into a seizure. *Black v. Montgomery County*, 835 F.3d 358, 365 (3d Cir. 2016). For example, certain "demonstration[s] of authority" such as "'the threatening presence of several officers, the display of a weapon by an officer, some physical touching . . . , or the use of language or tone of voice indicating that compliance with the officer's request might be compelled.'" *Vargas v. City of Philadelphia*, 783 F.3d 962, 969 (3d Cir. 2015) (quoting *United States v. Crandell*, 554 F.3d 79, 85 (3d Cir. 2009)). Finally, there must be "submission to the assertion of authority." *Id.* at 626. Submission may "take[] the form of passive acquiescence." *Brendlin*, 551 U.S. at 255.

Plaintiff alleges that six officers pulled him over, removed him from his vehicle and made him stand by the back of his vehicle with his hands on his head. Plaintiff pleads that he "believe[d] that he was required to comply with the officers' requests, required to submit to their authority and could not simply leave the scene whenever he wanted to." SAC ¶ 21. Plaintiff continues that the Officer Defendants eventually "released" him, permitting him to leave. *Id.* Accordingly, Plaintiff

8

plausibly pleads that the Officer Defendants restrained Plaintiff's liberty during the traffic stop and Plaintiff submitted to this restraint. Thus, Plaintiff pleads a Fourth Amendment false imprisonment claim.

Plaintiff also asserts an equal protection claim in Count One. SAC ¶ 33. Defendants contend that Plaintiff's equal protection claim is conclusory. Defs. Br. at 12-14. The Fourteenth Amendment's Equal Protection Clause provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV § 1. Traditionally, to prevail on an equal protection claim, a plaintiff must allege that he was treated differently than others who were similarly situated, and that this difference in treatment was the result of intentional discrimination based on his membership in a protected class, such as religious affiliation or race. *See Bradley v. United States*, 299 F.3d 197, 206 (3d Cir. 2002). Here, Plaintiff alleges that upon information and belief,[5] the Officer Defendants stopped him "for no reason other than the fact that he is an African American male." SAC ¶ 23. Plaintiff provides further allegations to substantiate his claim. As discussed, Plaintiff plausibly pleads there was not probable cause for the stop. Consequently, it is plausible to infer that no reasonable officer could have believed Plaintiff was engaged in criminal activity before the stop. The Court, therefore, can infer that the Officer

---

[5] While not raised by Defendants, the Court notes that a plaintiff may plead facts upon information and belief "where it can be shown that the requisite factual information is peculiarly within the defendant's knowledge or control – so long as there are no boilerplate and conclusory allegations and plaintiffs accompany their legal theory with factual allegations that make their theoretically viable claim plausible." *McDermott v. Clondalkin Grp., Inc.*, 649 F. App'x 263, 267-68 (3d Cir. 2016) (quoting *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002) (internal punctuation omitted)). Facts pled on information and belief must "set forth the 'specific facts upon which the belief is reasonably based.'" *ICU Med., Inc. v. RyMed Techs., Inc.*, 752 F. Supp. 2d 486, 488 (D. Del. 2010) (citing *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328 (Fed. Cir. 2009).

Defendants' explanation for the traffic stop was merely a pretext, as Plaintiff alleges. *Id.* As a result, Plaintiff pleads an equal protection violation.

Next, Defendants argue that Plaintiff's conspiracy claim should be dismissed because he fails to plead facts demonstrating an agreement between Defendants or an underlying constitutional violation. Defs. Br. at 6-7. To plead a civil conspiracy under Section 1983, a plaintiff must show "that two or more co-conspirators reached an agreement for the purpose of depriving constitutional rights under color of state law." *Stolinski v. Pennypacker*, 772 F. Supp. 2d 626, 646 (D.N.J. 2011). Here, Plaintiff pleads that the Officer Defendants agreed with each other to stop Plaintiff solely because he was African American. SAC ¶ 24. And as discussed, Plaintiff sufficiently pleads a Section 1983 equal protection claim. Consequently, Plaintiff adequately pleads a Section 1983 conspiracy claim.

In the Eighth Count, Plaintiff alleges that Defendant Rotondo failed to conduct an appropriate investigation into Plaintiff's IA complaint. Plaintiff alludes to a deprivation of his liberty but does not set forth the legal basis for his claim. SAC ¶¶ 66-67. In Plaintiff's state-law based claims, however, Plaintiff explicitly states that this Court has supplemental jurisdiction over the claim. *See, e.g.*, FAC ¶ 44 ("Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims."). Plaintiff does not include this allegation in Count Eight. Plaintiff also argues that Rotondo violated his constitutional rights in his opposition brief. Plf. Opp. at 17. As a result, the Court construes Count Eight as a Section 1983 claim.

A failure to investigate claim is frequently construed as subset of municipal liability. *See, e.g.*, *Forrest*, 930 F.3d at 105 (explaining that "a failure or inadequacy by the municipality" is a basis for a Section 1983 claim against a municipality). But Plaintiff does not assert his failure to investigate claim as a basis for municipal liability. Rather, Plaintiff appears to assert the claim

against Rotondo individually. SAC ¶¶ 65-66. But the Court is not aware of any cases in which an individual was held personally liable under Section 1983 for a failure to investigate.[6] Plaintiff also fails to identify any such cases, nor does he explain what constitutional violation such conduct would amount to. Plaintiff, therefore, does not plead a failure to investigate claim against Defendant Rotondo. Count Eight is dismissed.

### B. Gross Negligence and Willful Misconduct (Count Nine)

Next, Defendants seek to dismiss Plaintiff's claim for gross negligence and willful misconduct because it is conclusory. Defs. Br. at 18-19. "Negligence involves a breach of a duty of care that causes injury." *Roccisano v. Township of Franklin*, No. 11-6558, 2013 WL 3654101, at *11 (D.N.J. July 12, 2013) (citing *Weinberg v. Dinger*, 542 A.2d 366, 373 (N.J. 1987)). Thus, "to succeed on a negligence claim, a plaintiff must show: (1) a duty of care, (2) a breach of that duty, (3) causation, and (4) actual damages." *Id.* (citing *Weinberg*, 542 A.2d at 373). As to gross negligence, "the difference between gross and ordinary negligence is one of degree rather than of quality." *Smith v. Kroesen*, 9 F. Supp. 3d 439, 442 (D.N.J. 2014) (quoting *Fernicola v. Pheasant Run at Barnegat*, No. A-2027-08T1, 2010 WL 2794074, *2 (N.J. Super. Ct. App. Div. July 2, 2010)) (internal quotations omitted). "[W]here as negligence is the failure to exercise ordinary or reasonable care . . . , gross negligence is the failure to exercise slight care or diligence." *Steinberg v. Sahara Sam's Oasis, LLC*, 142 A.3d 742, 754 (N.J. 2016). Gross negligence, however, "does not require willful or wanton misconduct or recklessness." *Id.* To that end, "[w]illful misconduct falls somewhere "between simple negligence and the intentional infliction of harm." *Fielder v.*

---

[6] The Court acknowledges that supervisor policymakers may be liable under Section 1983 for their failure to supervise or investigate subordinates. *See Doe ex rel. Doe v. Small*, --- F. Supp. 3d ---, 2023 WL 1750405, at *6 (D.N.J. Feb. 2, 2023) (explaining the theories for Section 1983 supervisory liability). Plaintiff does not allege that Rotondo was a supervisor or policymaker, nor does the failure to investigate claim appear to be premised on a supervisor liability theory.

11

*Stonack*, 661 A.2d 231, 242 (N.J. 1995). Although there is not precise definition for willful misconduct, "in the context of a police officer's enforcement of the law, . . . willful misconduct is ordinarily limited to a knowing violation of a specific command by a superior officer, or a standing order, that would subject that officer to discipline." *Alston v. City of Camden*, 773 A.2d 693, 702 (N.J. 2001) (quoting *Fielder*, 661 A.2d at 243).

The Court agrees that Plaintiff's gross negligence claim is conclusory. Critically, Plaintiff simply pleads that the Officer Defendants were grossly negligent but fails to set forth what duty the Officer Defendants owed to Plaintiff and how their alleged conduct breached that duty. Plaintiff's willful misconduct claim is also conclusory. Namely, the SAC does not include allegations that any Defendant knowingly violated orders when conducting the traffic stop at issue. While the Court acknowledges that the standard of willful misconduct is not immutable, Plaintiff makes no effort to explain how any Defendant's conduct amounts willful misconduct. Accordingly, Count Nine is dismissed.

### C. Negligent Infliction of Emotional Distress (Count Four)

Finally, Defendants argue that Plaintiff fails to state a claim for negligent infliction of emotional distress. Defendants again maintain that Plaintiff's claim is conclusory. Defs. Br. at 20-21. A plaintiff must demonstrate the following to plead such a claim: "(a) defendant owed a duty of reasonable care to plaintiff; (b) defendant breached that duty; (c) plaintiff suffered severe emotional distress; and (d) defendant's breach of duty was the proximate cause of the injury."[7] *Dello Russo v. Nagel*, 817 A.2d 426, 435 (N.J. Super. Ct. App. Div. 2003) (citing *Decker v.*

---

[7] In arguing that Plaintiff fails to state a claim, Defendants partially rely on the standard for a claim of bystander negligent infliction of emotional distress. Defs. Br. at 20-21. Bystander liability applies "if the plaintiff witnessed the death or serious physical injury of another, with whom he shares a marital or intimate, familial relationship." *Innes v. Marzano-Lesnevich*, 87 A.3d 775, 797 (N.J. Super. Ct. App. Div. 2014). Nothing in the SAC suggests that bystander liability is at issue.

12

*Princeton Packet*, 561 A.2d 1122, 1128 (N.J. 1989)).  To be actionable, "the claimed emotional distress must be sufficiently substantial to result in physical illness or serious psychological sequelae."  *Innes v. Marzano-Lesnevich*, 87 A.3d 775, 797 (N.J. Super. Ct. App. Div. 2014) (quoting *Aly v. Garcia*, 754 A.2d 1232, 1237 (N.J. Super. Ct. App. Div. 2000)).  Plaintiff's claim is conclusory.  For example, Plaintiff pleads that he suffered from "anxiety and mental anguish" because of Defendants' conduct, SAC ¶ 48, but fails to include specific allegations to support this conclusory claim.  Accordingly, Count Four is also dismissed.

### IV.   CONCLUSION

For the foregoing reasons, and for good cause shown

IT IS on this 31st day of July, 2023,

**ORDERED** that Defendants' motion to dismiss, D.E. 43, is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Defendants' motion is **GRANTED** with respect to Counts Four, Five, Eight and Nine.  Accordingly, these counts are dismissed without prejudice; and it is further

**ORDERED** that with respect to the dismissed counts, Plaintiff is provided thirty (30) days to file an amended complaint that cures the deficiencies noted herein.  If Plaintiff does not file an amended pleading within that time, these counts will be dismissed with prejudice; and it is further

**ORDERED** that Defendants' motion is otherwise **DENIED.**

_____
John Michael Vazquez, U.S.D.J.